<div style="margin-left:1em">CALVERT<br>
vs<br>
COMMONWEALTH</div>

---

INDICTMENT.          ## Calvert *vs* The Commonwealth.

*Case* 65.          ERROR TO THE CALDWELL CIRCUIT.

*Gaming.*

*April* 10.          JUDGE MARSHALL delivered the opinion of the Court.

THE 10th section of the statute of 1833, against gaming, (*Stat. Law,* 760,) enacts that where any owner or tenant of a house, out house, or arbor, or any other place whatever, &c., shall permit or suffer any unlawful gaming in any such house, &c., such owner, tenant, or other superintendent shall, for every such offence, forfeit and pay not less than $200 nor more than $500. Calvert was indicted expressly as the superintendent of a house and for permitting unlawful gaming therein; and the only question in the case is, whether he was a superintendent of the house within the meaning of the statute.

*Provisions of the statute of 1833.*

.The Court instructed the jury that if he took the control and superintendence of the house, and permitted the unlawful gaming, he was liable though he was neither the owner nor had any authority under him. The word owner is obviously used as indicating not merely the person holding the title, but the owner in possession and enjoyment of the house; and applying the instruction to

*Instructions of the Court.*

the facts of the case, it authorized the jury to apply the penal infliction of the statute to any person who, without any general control or actual authority derived from the owner or tenant, and without his knowledge, or consent, shall so far assume the control of any open room in the house as to invite persons to play at unlawful gaming in it. In this case it is true, the defendant was the son of the owner and occupier of the house. But this fact is only material as it might furnish ground for presuming authority, and in view of the instruction which dispenses with authority, is wholly immaterial. Besides the father expressly denies that the defendant was his superintendent, or had from him any agency or control over the room, which was not fastened nor regularly used, but remained unlocked, was occasionally used by the servants for blacking boots, and was accessible to all. Suppose that certain persons desiring an opportunity to game, had applied to the owner or tenant of the house for a room for that purpose, and that upon his refusal and without his knowledge, one of them being acquainted with the house, had led the others into this open room, and told them to play there; would the temporary control of a single room thus assumed by an intruder, make him a superintendent of the house within the meaning of the statute? Could such a person be properly said to have the management or control, or superintendence of the house? The word "superintendent" implies, *ex vi termini*, not mere momentary usurpation, but a regular and recognized authority. A person may have the control and management of a house, and be thus the superintendent, who is neither the owner nor technically the tenant, nor even the occupant. Or the owner or tenant may himself superintend and manage, and control the house. And it is because the owner or tenant is not always the actual manager, that the statute intending to subject to its penalties the person who has the general control and direction of the house, after having first described the offender by the words "owner or tenant," uses the additional words, "or other superintendent." The words "or other superintendent," omitted in the first part of the section which describes the offender as the owner or tenant, were in-

troduced afterwards in describing the person against whom the penalty shall be adjudged, for the purpose of indicating the particular relation in which the owner or tenant is regarded, in reference to this offence, and to extend the inhibition and penalty of the statute to all persons standing in that relation.

The statute of 1833, does not authorize a fine against one who assumes without authority, the right to permit gaming in a room where he is neither *owner*, *occupant*, or by authority super-intendent.

The statute embraces an owner who superintends the house, a tenant, (which might extend to any actual occupant,) who superintends the house, and also any other person who though neither the owner nor tenant, nor actual occupant of the house, is yet, (as the owner, or tenant, or occupant might be,) the superintendent of it, which he can only be by authority, express or implied, from the person having the possession or control of the possession.

We are of opinion, therefore, that the instructions given by the Court were erroneous and misleading, and the judgment is, consequently, reversed, and the cause remanded for a new trial in conformity with this opinion.

*Goodloe* for plaintiff: *Cates, Attorney General,* for Commonwealth.